FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 28, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**LEE EULER, Individually and on
Behalf of All Others Similarly Situated**                                **PLAINTIFF**

vs.                                    No. 3:18-cv- 18-3102

**AUTO SERVICES COMPANY, INC.**                                **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Lee Euler ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Sean Short, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendant Auto Services Company, Inc. ("Defendant"), does state and allege as follows:

**I.     PRELIMINARY STATEMENTS**

1. This is a class action and a collective action brought by Plaintiff Lee Euler, individually and on behalf of all other hourly paid Facility Workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other Facility Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Harrison Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Baxter County.

13. Plaintiff was employed by Defendant as a Territory Manager within the three (3) years preceding the filing of this Original Complaint.

14. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15. Defendant is a domestic for-profit corporation, registered and licensed to do business in the State of Arkansas, and does business as ASC Warranty.

16. Defendant's registered agent for service of process in Arkansas is Mark Carney, 210 West 7th Street, Suite 1, Mountain Home, Arkansas 72653.

17. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Defendant is a leading provider of vehicle protection plans.

19. Defendant operates from their corporate headquarters in Mountain Home, Arkansas, where they centralize all pay, time and human resource policies.

20. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

## IV. FACTUAL ALLEGATIONS

22. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

23. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Territory Manager.

24. Plaintiff and other hourly paid facility workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

25. Plaintiff and other hourly paid facility workers were classified as hourly employees and paid an hourly rate.

26. Plaintiff and other hourly paid facility workers were also paid non-discretionary money awards and bonuses on a regular basis when certain objective and measurable criteria were met.

27. In addition, Defendant paid Plaintiff and other hourly paid facility workers one-and-one-half (1.5) times their base hourly rate, exclusive of the non-discretionary bonus, for each hour they worked over forty (40) in a workweek.

28. However, Defendant did not include the bonuses and money awards paid to Plaintiff and other hourly paid facility workers in their regular rates when calculating their overtime pay.

29. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

30. Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other hourly paid facility workers in their regular rate when calculating their overtime pay.

31. Plaintiff worked for Defendant at Defendant's corporate headquarters in Mountain Home (hereinafter the "Mountain Home facility") and Defendant's pay practices were the same for all hourly workers at the Mountain Home facility.

32. The pay practices that violate the FLSA and AMWA alleged herein were a centralized human resources policy implemented uniformly from the corporate headquarters.

33. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly paid facility workers violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Class

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings his FLSA claims on behalf of all hourly paid facility workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours in excess of forty (40) hours in a workweek;

  B.  Liquidated damages; and

  C.  Attorney's fees and costs.

  37. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

  38. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

  A.  They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

  B.  They were paid hourly rates;

  C.  They recorded their time in the same manner; and

  D.  They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

  39. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

  40. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

41. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Plaintiff proposes to represent the class of hourly paid facility workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

43. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant failed to include non-discretionary bonuses in its calculation of overtime pay, and whether Defendant failed to pay members of the proposed class a lawful overtime wage in accordance with the AMWA.

44. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

45. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

46. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

47. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

48. Concentrating the litigation in this forum is highly desirable because Defendant's Mountain Home facility is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

49. No difficulties are likely to be encountered in the management of this class action.

50. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

51. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

52. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

53. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to

individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

55. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

56. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

60. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

61. Plaintiff brings this collective action on behalf of all hourly paid facility workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

62. Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

63. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

64. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

65. In the past three years, Defendant has employed many hourly paid facility workers.

66. Like Plaintiff, these hourly paid facility workers regularly worked more than forty (40) hours in a week.

67. Defendant failed to pay these workers at the proper overtime rate.

68. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid facility worker, or similar position, to whom Defendant paid a bonus pursuant to any bonus plan which was earned, at least in part, by the work performed in at least one week in which the employee worked more than forty hours in the three years prior to this lawsuit.**

69. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

70. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

71. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

72. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

73. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

74. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

77. Defendant's failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

78. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

79. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

81. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

83. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85. Defendant failed to pay Plaintiff and members of the proposed class all overtime wages owed, as required under the AMWA.

86. Defendant's failure to include non-discretionary bonuses in Plaintiff's and members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

87. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly-paid Arkansas facility worker, or similar position, to whom Defendant paid a bonus pursuant to any bonus plan which was earned, at least in part, by the work performed in at least one week in which the employee worked more than forty hours in the three years prior to this lawsuit.**

88. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

90. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lee Euler respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF LEE EULER, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

_____
Chris Burks
Ark. Bar No. 2010170
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEE EULER, Individually and on                               PLAINTIFF
Behalf of All Others Similarly Situated

vs.                              No. 3:18-cv-_____

AUTO SERVICES COMPANY, INC.                                  DEFENDANT

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly paid worker for Auto Services Company, Inc., at the Mountain Home facility within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
Lee Euler

Date: September 28, 2018

*/s/ Josh Sanford*
Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com